UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE LAMONT GALLOWAY,

    Petitioner,

v.

CONNIE HORTON,

    Respondent.

Case No. 17-11089
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [5]**

Andre Galloway is currently serving a term of life imprisonment (with the possibility of parole) in the custody of the Michigan Department of Corrections. His sentence stems from his 1993 guilty plea to second-degree murder. Now, Galloway challenges his conviction by way of a petition for a writ of habeas corpus. In response, the Warden moves to dismiss, arguing that Galloway did not file his petition within the applicable statute of limitations. The Court agrees. And because the circumstances do not warrant equitable tolling, the Court will grant the Warden's motion.

**I.**

In 1993, Andre Galloway pleaded guilty in Saginaw County Circuit Court to second-degree murder, Mich. Comp. Laws § 750.317. On November 19, 1993, the trial court sentenced him to life in prison with the possibility of parole.

Galloway sought leave to appeal in the Michigan Court of Appeals. But the parties filed a stipulation agreeing to dismiss the appeal, and the Michigan Court of Appeals obliged. (R. 5, PageID.104.) Galloway did not seek leave to appeal from the Michigan Supreme Court. (*See* R. 5, PageID.67.)

For almost two decades, Galloway took no further action to challenge his conviction or sentence in state court. Then, on March 23, 2015, Galloway filed a motion for relief from judgment in the trial court. The trial court denied the motion. *People v. Galloway*, No. 93-007875, slip op. (Saginaw Cty. Cir. Ct. May 11, 2015). And after Galloway sought leave to appeal, the Michigan Court of Appeals affirmed, finding Galloway "failed to establish that the trial court erred in denying his motion for relief from judgment." *People v. Galloway*, No. 330160 (Mich. Ct. App. Feb. 26, 2016). Finally, on November 30, 2016, the Michigan Supreme Court denied Galloway leave to appeal. *People v. Galloway*, 886 N.W.2d 890 (Mich. 2016).

On March 31, 2017, Galloway filed his habeas petition. (R. 1.) And shortly thereafter the Warden moved to dismiss. (R. 5.) The Warden says Galloway's petition is not timely filed, and Galloway offers no sufficient basis to equitably toll the limitations period. (R. 5, PageID.50.) Galloway opposes the motion, claiming that his inability to find legal help while incarcerated plus a term in segregation prevented the timely filing of his petition. So Galloway says he should get the benefit of either a delayed start to the limitations period or equitable tolling.

**II.**

Although Galloway was convicted in 1993, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs all habeas corpus petitions filed after the statute's 1996 effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Cummings v. Yukins*, 61 F. App'x 188, 190 (6th Cir. 2003). AEDPA establishes a one-year period of limitations. 28 U.S.C. § 2244(d)(1).

**III.**

At the outset, the Court must settle a dispute over when the limitations clock started to run. The Warden says Galloway's conviction became final on AEDPA's effective date, so his one-year clock started to run on April 24, 1996. *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003)

2

(citing *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999) Galloway sees it differently because he says MDOC prevented him from filing a habeas corpus petition. So he says the clock should not start until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed . . . ." 28 U.S.C. § 2244(d)(1)(B). And MDOC did not remove the obstacles until sometime in December 2014.

Galloway insists MDOC frustrated his right to challenge his conviction in federal court. Galloway emphasizes that he cannot understand legal documents. (R. 7, PageID.543.) And although MDOC gave him access to the law library, going there and trying to read legal documents was of no use. (*Id.*) So Galloway needed legal help. (*Id.*) But because MDOC classified him as a security threat, and because he was indigent, he could not get help from other inmates. (R. 7, PageID.537–538, 543.) Worse still, in 2002, when his prison created a legal-assistance program for prisoners, Galloway by then had his GED and so was not eligible to participate. (*Id.* at PageID. 537, 543.) All told, Galloway argues MDOC's policies frustrated his right of access to an adequate law library for twenty years. (R. 7, PageID.537.) Only in December 2014 did Galloway find an inmate willing and able to assist him free of charge, so only then did the state-created impediment fall away (*Id.*)

Galloway's argument is unpersuasive. Any "impediment to filing an application" must be the product of "State action in violation of the Constitution. . . ." 28 U.S.C. § 2244(d)(1)(B). True, Galloway has a Constitutional right to meaningful access to the courts. *Knop v. Johnson*, 977 F.2d 996, 1002 (6th Cir. 1992). And to ensure an inmate's meaningful access to the courts, a prison must provide "access to an adequate law library." *Id.* at 999; *see also Bounds v. Smith*, 430 U.S. 817, 828 (1977). But Galloway does not challenge his physical access to the library. *Cf. Maclin v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003) (reasoning that even restricting inmates to 1.5

3

hours of law library time per week does not violate the Constitution). Nor does he challenge the adequacy of materials in the library. *See Egerton v. Cockrell*, 334 F.3d 433, 438 (5th Cir. 2003) (finding inadequate a prison law library that did not keep a copy of AEDPA on hand).

Instead, Galloway says his security-threat classification, combined with his indigency, frustrated his attempts to find both free and effective legal help. (R. 7, PageID.537.) So, for twenty years, the law library was useless to him. (*Id.*) But Galloway's right to access an adequate law library does not obligate MDOC to ensure Galloway is matched with an affordable and able jailhouse lawyer. *See Taylor v. McKee*, 649 F.3d 446, 452–453 (6th Cir. 2011) (holding that the right to access an adequate law library does not necessarily entitle an inmate to the assistance of a "legal writer"); *see also Aparicio v. McDaniel*, No. 07-00427, 2012 U.S. Dist. LEXIS 44596, at *68 (Dist. Nev. March 30, 2012) (finding no state-created impediment where prison denied inmates, among other things, access to inmate law clerks). And the mere fact that MDOC classified him as a "Security Threat Group" member for some undisclosed period of time, does not necessarily mean MDOC violated Galloway's right to access an adequate library for 20 years. *Cf. Knecht v. Collins*, No. 96-3682, 1999 U.S. App. LEXIS 13645, at *15 (6th Cir. June 15, 1999) (holding that classification as a security threat does not violate an inmate's right to access the courts where the prison still provided a way for inmates to access the library). So Galloway cannot show any "State action in violation of the Constitution" prevented him from filing a habeas petition. There is no basis for application of § 2244(d)(1)(B).

Thus, Galloway had until April 24, 1997 to file a timely habeas corpus petition. *See McClendon*, 329 F.3d at 493. Yet Galloway filed his petition nearly twenty years later. And even

4

his 2015 motion for relief from judgment was filed long after the limitations period had run, so he cannot seek shelter under 28 U.S.C. § 2244(d)(2).[1] Galloway's petition is untimely.

Resisting this conclusion, Galloway urges the Court to equitably toll the limitations period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Galloway seeks equitable tolling for the same reasons he sought delayed commencement of the limitations period (i.e., because he never got access to legal assistance and lacked the knowledge and education to utilize the prison law library). However, Galloway's lack of legal training and education are not "extraordinary circumstances" for tolling purposes. See *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *Turner v. Johnson*, 177 F.3d 390, 391–92 (5th Cir. 1999)); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (holding that ignorance of the law alone is insufficient to warrant equitable tolling). The same goes for his inability to locate a jailhouse lawyer to assist him. *See Crump v. United States*, No. 12-768, 2013 U.S. Dist. LEXIS 109398, at *10–11 (W.D. Mich. Aug. 5, 2013) (finding that "delayed access" to a "jailhouse lawyer" is not an "extraordinary circumstance" warranting equitable tolling); *Nogueras v. Biter*, No. 11-1006-JLT HC, 2012 U.S. Dist. LEXIS 13285, at *7 (E.D. Cal. Feb. 3, 2012) (similar); *Hamilton v. Scutt*, No. 09-12790-BC, 2010 U.S. Dist. LEXIS 54942, at *4 (E.D. Mich. June 3, 2010) (finding no equitable tolling where a fellow inmate was unable to help file a post-conviction motion). So the Court declines Galloway's request to equitably toll the limitations period.

## IV.

At the end of the day, AEDPA's one-year statute of limitations expired nearly twenty years before Galloway filed his petition. And Galloway has not demonstrated an entitlement to either a

---

[1] Galloway's motion for relief from judgment neither tolled nor restarted the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

delayed start to, or equitable tolling of, the limitations period. Accordingly, the Court GRANTS the Warden's motion (R. 5) and DISMISSES Galloway's petition (R. 1). And because no reasonable jurist would debate the Court's procedural ruling, the Court DENIES Galloway a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). However, if Galloway chooses to appeal, he may proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(3).

    SO ORDERED.

Dated: September 21, 2018          s/Laurie J. Michelson
                                                        U. S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 21, 2018.
    +

                                                           s/Teresa McGovern
                                                           Case Manager Generalist